UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEANETTE MCDONALD
STEWART,

    Plaintiff,

v.                                                 CASE No. 8:15-CV-1487-T-17TGW

INTERNAL REVENUE SERVICE,

    Defendant.

_____

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the pro se plaintiff's Motion for Leave to Proceed In Forma Pauperis and Affidavit of Indigency (Doc. 6) pursuant to 28 U.S.C. 1915 seeking a waiver of the filing fee for her complaint against the defendant.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that she is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if

the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

The plaintiff has named the Internal Revenue Service ("IRS") as the defendant in this case. However, "the IRS is not a suable entity." Reppert v. IRS, 418 Fed. Appx. 897, 898 n.1 (11th Cir. 2011); see Castleberry v. Alcohol, Tobacco & Firearms Div., 530 F.2d 672, 673 n.3 (5th Cir. 1976) ("Congress has not constituted the Treasury Department or any of its divisions or bureaus as a body corporate and has not authorized either or any of them to be sued eo nomine.").

Furthermore, the plaintiff's complaint is procedurally inadequate (Doc. 1). Thus, there is not "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" or a statement of the grounds upon which the court's jurisdiction depends. Rule 8, Fed.R.Civ.P. In particular, there are not sufficient facts alleged to make clear the plaintiff's basis for the lawsuit. In addition, the jurisdictional basis for the lawsuit is not alleged, or even adequately indicated.

For these reasons, the plaintiff's complaint is deficient and is subject to dismissal. 28 U.S.C. 1915(e)(2)(B)(ii). However, it is appropriate

to afford the plaintiff an opportunity to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Fed.R.Civ.P. 15). I therefore recommend that the complaint be dismissed, but allow the plaintiff to file within thirty days an amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: AUGUST 28, 2015

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).